IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG ALEXANDER, | |
| Plaintiff, | Civil Action No. 26-cv-188 |
| v. | |
| SCHEDULE A DEFENDANTS, | **FILED UNDER SEAL** |
| Defendants. | |

### 1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING ASSETS AND MERCHANT STOREFRONTS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND 4) ORDER AUTHORIZING EXPEDITED DISCOVERY

This matter is before the Court upon Plaintiff's *Ex Parte* Application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the Defendants identified on **Schedule "A"** to the Complaint and attached hereto (collectively, the "Defendants"). The Court has considered the Application, the evidence in the record, and the applicable law.

Specifically, Plaintiff has obtained evidence clearly demonstrating that Defendants are using, without authorization, Plaintiff's copyrighted Works. Defendants are manufacturing, exporting, advertising, marketing, promoting, distributing, offering for sale and/or selling unlicensed and infringing versions of Plaintiff's products. Defendants are accomplishing their illegal sales through the Amazon, Walmart, and Temu online marketplace. Defendants regularly delete and create new storefronts to avoid Plaintiff's policing efforts, allowing them to conceal their identity and avoid liability.

Based on this evidence, Plaintiff's Complaint alleges claims for federal copyright infringement pursuant to 17 U.S.C. § 501(a).

## FACTUAL FINDINGS & CONCLUSION OF LAW

1. Plaintiff, Greg Alexander, is likely to prevail on his copyright claims at trial.

2. Plaintiff's Greg Alexander Works have unique designs that are inherently distinct features, including, color, size, and shape selections, that all function as a source identifier for the Plaintiff's works. The combined distinct features of the Plaintiff's Works all support the copyright registrations issued by the U.S. Copyright Office. Photos of Plaintiff's copyrighted works along with copyright registration numbers are available in **Complaint Exhibit 1.**

3. The combined unique features—ornamental and decorative—of Plaintiff's Works comprise Plaintiff's valuable intellectual property ("IP") and all have become distinct in consumer's minds such that consumers associate this IP with Plaintiff's art.

4. Defendants, by operating on internet-based e-commerce stores and fully interactive, commercial internet websites operating under Defendants' respective seller identities set forth on Schedule "A" hereto (the "Seller IDs"), have advertised, promoted, sold, and offered for sale goods featuring, displaying, and/or using the constituent elements of Plaintiff's original copyrighted works. Defendants' infringing works are virtually indistinguishable from Plaintiff's original works.[1]

5. Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of

---

[1] See Complaint ¶ 1 for side-by-side comparison of Plaintiff's original copyrighted works and Defendants' infringing works.

products with unauthorized and unlicensed uses of the constituent elements of Plaintiff's copyrighted works.

6. Plaintiff and consumers are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted. Defendants' sale of the infringing products deprives Plaintiff of visibility online, raising costs of marketing his copyrighted works as well as costs to educate consumers about the original works. The market prices of Plaintiff's original copyrighted works are being diluted due to the low selling price of Defendants' infringing works, vastly reducing Plaintiff's profits and endangering the sustainability of her business. Defendants are additionally causing a steep degradation of the goodwill that Plaintiff has built up over years with customers. Defendants are also depriving Plaintiff of the ability to control the creative content and quality of her works as well as the ability to license the valuable copyrights.

7. There is good cause to believe that the unauthorized and unlicensed use of Plaintiff's Works will continue in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of the products so advertised; and that Plaintiff may suffer loss of sales for his genuine works and an unnatural erosion of the legitimate marketplace in which he operates.  There is also good cause to believe that if Plaintiff proceeds on notice to Defendants of this Application, Defendants can easily and quickly change the ownership or modify e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs, thereby thwarting Plaintiff's ability to obtain meaningful relief.  As other courts have recognized, proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the adverse party.

8.      The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, her reputation, and her goodwill as an artist, if such relief is not issued. Courts have repeatedly held that an infringing party acts at their own peril and issuing a temporary restraining order is simply requesting the infringing party to cease doing what they had no right to do initially.[2]

9.      The public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests and protect the public from being injured, deceived, and defrauded by the passing off of Defendants substandard goods as Plaintiff's genuine art and prints. Public interest additionally favors upholding copyright protections by reinforcing virtues of free expression, as envisioned by the United States Constitution.

10.     Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide, or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' illegal and infringing activities.  Therefore, Plaintiff has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows (the "Order"):

---

[2] *See Phillip Morris USA Inc. v. Bros. Grocery Corp.*, 2014 U.S. Dist. LEXIS 112274, at *13 (E.D.N.Y. 2014) (citing *New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010)); *see Warner Bros. Entm't, Inc. v. WTV Sys.*, 824 F. Supp. 2d 1003, 1014–15 (C.D. Cal. 2011); *Concrete Mach. Co. v. Classic Lawn Ornaments, Inc.*, 843 F.2d 600, 612 (1st Cir. 1988) (quoting *Helene Curtis Industries v. Church & Dwight Co., Inc.*, 560 F.2d 1325, 1333 (7th Cir. 1977) ("Where the only hardship that the defendant will suffer is lost profits from an activity which has been shown likely to be infringing, such an argument in defense 'merits little equitable consideration.'").

## I. Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained as follows:

(1) from (a) their unauthorized and unlicensed use of Plaintiff's Works in connection with the distribution, marketing, advertising, offering for sale, or sale of any products; and (b) shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which use Plaintiff's Works;

(2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[3] Merchant Storefronts[4] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

---

[3] A "User Account" is any and all accounts with online marketplace platform(s) Amazon.com, Temu.com and Walmart.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[4] As defined in the Complaint, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue use of the Plaintiff's Works within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) Upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third-Party Service Provider(s) and Financial Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory

assets corresponding to the Seller IDs identified on Schedule "A" hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during pendency of this action;

(8) this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for the purpose of infringing the Plaintiff's Works;

(9) Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third-Party Service Provider(s) and the Financial Institution(s), subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

(10) this Order shall remain in effect until the date for the hearing to show cause why a preliminary injunction should not be issued as set forth below, or until such further dates as set by the Court or stipulated by the parties.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third-Party Service Providers and Financial Institutions, is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction, or until further order of the Court:

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or

utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court; and

C. IT IS HEREBY ORDERED, upon Plaintiff's request, within no later than five (5) calendar days of Plaintiff's request: all online marketplaces, including but not limited to, Amazon.com, Temu.com, and Walmart.com, shall upon receipt of this Order, suspend, block, tombstone, and/or delete any and all product listings identified by the Plaintiff as either identical or substantially similar to the Plaintiff's Works, whether sold by the Defendant or other persons or entities.

D. IT IS HEREBY ORDERED, that upon Plaintiff's request, any Third Parties are ordered to suspend any listings of a product that Plaintiff asserts infringes Plaintiff's Works and is identified as originating from outside of the United States and unfairly competing with Plaintiff's Works.

## II. Order to Show Cause Why a Preliminary Injunction Should Not Issue and Service of Order

A. Defendants are hereby ORDERED to show cause before this Court in the United States District Court for the Western District of Pennsylvania, the U.S. Courthouse, **in Courtroom 8A** on the <u>11th day of March 2026 at 2:00 p.m.</u> or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to FRCP 65(a), should not issue. **Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them.**

B. Opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Ference & Associates LLC at 409

Broad Street, Pittsburgh, Pennsylvania 15143 before March 6, 2026. Plaintiff shall file any Reply papers on or before March 10, 2026.

    C. After Plaintiff's counsel has received confirmation from the Third Party Service Providers and Financial Institutions or otherwise, regarding the restraint of funds directed herein, Plaintiff shall serve copies of the Complaint, the Application, this Order, and any Discovery on each Defendant via their corresponding email/online contact form provided on the Internet based e-commerce stores operating under the respective Seller IDs, or by providing a copy of this order by e-mail to the marketplace platform, which in turn notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.  In addition, Plaintiff shall post copies of the Complaint, Application, this Order, any Discovery, and all other pleadings and documents filed in this action on a website designated by Plaintiff,[5] and shall provide the website address to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.  Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website designated by Plaintiff or by other means reasonably calculated to give notice which is permitted by the Court.

### III. Order Authorizing Expedited Discovery

A.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

(1) Plaintiff may propound interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), and Defendants, their respective officers, employees,

---

[5] Rule 65 has been interpreted to require that a party have notice of the motion and hearing; perfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order.  *Pate v. Gov't of the Virgin Islands*, 2015 WL 1937701 n.9 (VI Sup. Ct. April 17, 2015); *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978).

agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

(2) Plaintiff may serve requests for the production of documents pursuant to FRCP 26 and 34, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

(3) Plaintiff may serve requests for admissions pursuant to FRCP 26 and 36, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such requests within fourteen (14) days of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

(1) any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and

all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third-Party Service Provider;

(2) the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

(3) the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts[6]; and

(4) Defendants' unauthorized and unlicensed use of Plaintiff's Works in connection with the distribution, marketing, advertising, offering for sale, or sale of any products, and any products which use Plaintiff's Works.

## V. Security Bond

IT IS FURTHER ORDERED that Plaintiff shall place security (corporate surety bond, cash, certified check, or attorney's check) in the amount of $5000 Dollars (Five Thousand Dollars) with the Court, which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VI. Summons

---

[6] The data produced to Plaintiff shall include the data and documents required to be collected by the Federal Trade Commission, pursuant to 15 U.S.C. § 45f; *See also* Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq.*(Requiring Third Party Service Providers to collect and keep records pertaining to identities and locations of high volume sellers, as well as financial documents)

IT IS FURTHER ORDERED that the Clerk of the Court shall issue a single original summons in the name of **"SCHEDULE A DEFENDANTS, and all other Defendants identified in the Complaint"** that will apply to all Defendants.

**SO ORDERED.**

SIGNED this 27th day of February, 2026, at 2:15 p.m.
Pittsburgh, Pennsylvania

_____
UNITED STATES DISTRICT JUDGE

**Schedule "A"**

**[This page is the subject of Plaintiff's Motion to File Under Seal. As such, this page has been redacted in accordance with L.R. 5.4(b)(1)]**